**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KENT LESOPRAVSKY,       ) Case No. CV 16-7110-JPR
                               )
          Petitioner, )
                               ) MEMORANDUM DECISION AND ORDER
         v.         ) DISMISSING ACTION WITHOUT
                               ) PREJUDICE
WARDEN,                      )
                               )
          Respondent. )
                               )

**PROCEEDINGS**

On September 13, 2016, Petitioner, proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody.[1] On September 28, 2016, the Court dismissed the Petition with leave to amend because it was not on

---

[1] Under the mailbox rule, a pro se prisoner's habeas petition is constructively filed when he gives it to prison authorities for mailing. See Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)). A petition is generally deemed "delivered" to authorities on the day it is signed. See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended). Petitioner signed the Petition on September 13, 2016 (Pet. at 8), and nothing indicates that he actually gave it to prison authorities on some later date.

the required form and did not contain enough information for the
Court to screen it.  He filed a First Amended Petition on
December 5, 2016.  The FAP raises five claims challenging his
2014 superior-court convictions in case number PA077147 for
transportation of marijuana and evading an officer.  (FAP at 2,
5-7.)  On March 6, 2017, Respondent moved to dismiss the FAP as
fully unexhausted.  On June 5, 2017, the Court conditionally
granted the motion and dismissed the action without prejudice
unless Petitioner moved for a stay under <u>Rhines v. Weber</u>, 544
U.S. 269 (2005).  On August 3, 2017, the Court stayed
Petitioner's deadline for filing a <u>Rhines</u> motion and ordered
Respondent to lodge additional documents relating to the
exhaustion of Petitioner's claims.  Respondent lodged the
documents on September 7, 2017.

On October 6, 2017, Petitioner filed a "Notice of Pending
State Actions; Request for Counsel; Request for Information,"
which, among other things, indicated that he was in the process
of filing a habeas petition in the state supreme court.  His
state habeas petition raised the FAP's claims and various others,
including insufficiency of the evidence, double-jeopardy
violations, miscalculation of prison early-release credits, and
actual innocence.  (<u>See</u> Pet'r's Notice Pending State Actions at
4-9, Oct. 6, 2017; <u>see also</u> Pet'r's Lodged Doc. at 3-6 (ECF No.
44) (state-supreme-court habeas petition).)[2]  On January 10,
2018, the state supreme court denied Petitioner's habeas petition

---

[2]  The Court uses the pagination generated by its Case
Management/Electronic Case Filing system to refer to portions of
Petitioner's filings that are not consecutively paginated.

with a citation to In re Swain, 34 Cal. 2d 300, 304 (1949).  See
Cal. App. Cts. Case Info., http://appellatecases.courtinfo.
ca.gov/search.cfm?dist=0 (search for "Lesopravsky") (last visited
May 2, 2018).

In the meantime, Petitioner was resentenced.  The Court's
review of the Los Angeles County Superior Court website confirms
that Petitioner was resentenced on February 28, 2017.  See
Criminal Case Summary, Super. Ct. of Cal., Cnty. of L.A.,
http://www.lacourt.org/criminalcasesummary/ui (search for case
number PA077147) (last visited May 2, 2018); (see also Pet'r's
Notice Pending State Actions at 4, Oct. 6, 2017).  The Court's
review of the California Appellate Courts Case Information
website shows that on March 24, 2017, Petitioner filed an appeal
from his resentencing, court-of-appeal case number B281733, which
remains pending.  See Cal. App. Cts. Case Info.,
http://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search
for trial-court case number PA077147) (last visited May 2, 2018).
Briefing in the California Court of Appeal was completed on
December 26, 2017.  Id.  On August 7, 2017, Petitioner filed an
appeal from a different resentencing, court-of-appeal case number
B284478, which also remains pending.  See id. (search for
"Lesopravsky") (last visited May 2, 2018).  Briefing in that case
has not been completed.  Id.

The FAP challenges Petitioner's convictions and sentence in
superior-court case number PA077147.  (See FAP at 2.)  His August
7, 2017 state appellate-court filing apparently concerns case
number MA070047.  See Cal. App. Cts. Case Info, http://
appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for

3

case number B284478) (last visited May 2, 2018). His September 29, 2017 state-supreme-court habeas petition concerned trial-court case numbers "PA077147/LA04488 and probation/MA070047." (<u>See</u> Pet'r's Lodged Doc. at 2.) The extent to which the claims of the FAP implicate case number MA070047 is unclear.

On October 24, 2017, the Court ordered Petitioner to show cause why the FAP should not be dismissed without prejudice under <u>Younger v. Harris</u>, 401 U.S. 37, 45-46 (1971). The Court also ordered the parties to lodge copies of their briefs in court-of-appeal case number B281733 and of any state habeas petition filed by Petitioner. The parties lodged those documents on November 3 and December 15, 2017.

On February 23, 2018, following two extensions of time, Petitioner filed a response to the order to show cause, contending that he is unable to adequately litigate his federal constitutional issues in state court because state courts are "vindictive" and have "violated double jeop[ardy]," among other reasons, and thus the Court should not invoke <u>Younger</u>. (<u>See, e.g.</u>, Resp. at 5, 12.) While not a model of clarity, it appears to move in the alternative for a <u>Rhines</u> stay.[3] (<u>See</u> <u>id.</u> at 1-3.) It also renews Petitioner's request for the appointment of counsel (<u>see</u> <u>id.</u> at 15) and seeks a third enlargement of time (<u>see</u> <u>id.</u> at 16). Despite being ordered to do so in the Court's October 24, 2017 order, Respondent did not file a reply or

---

[3] Petitioner's state habeas petition evidently contended — erroneously — that Petitioner had been granted a <u>Rhines</u> stay in this case as of August 27, 2017. (<u>See, e.g.</u>, Pet'r's Lodged Doc. at 3, 6, 9, 12.)

opposition.

The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c)(1). For the reasons discussed below, the Court denies the motion for a stay and dismisses this action without prejudice under Younger and Rhines.

**BACKGROUND**

On June 23, 2014, Petitioner pleaded nolo contendere to charges of evading an officer (Cal. Veh. Code § 2800.2(a)) and transportation of marijuana (Cal. Health & Safety Code § 11360(a)). (FAP at 2.) Petitioner admitted that he committed those offenses while he was on bail within the meaning of Penal Code section 12022.1 and that he had suffered a prior strike conviction under sections 667(b)-(i) and 1170.12(a)-(d). (See Lodged Doc. 1 at 5-6.) He further admitted that he had served a prior prison term within the meaning of section 667.5(b). (Id. at 6.)

On July 1, 2014, Petitioner moved to withdraw his plea, continue the matter, represent himself, have another attorney appointed to represent him, withdraw his prior-strike admission, and have a supplemental probation report prepared. (See id. at 7-8.) The trial court denied all of his motions and sentenced him to eight years in state prison.[4] (Id.)

---

[4] On February 28, 2017, Petitioner was resentenced to six years in prison and 180 days in jail, apparently based on the reclassification of Health & Safety Code section 11360(a) as a misdemeanor. See Criminal Case Summary, Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui (search for "PA077147") (last visited Apr. 11, 2018); (see also

Petitioner filed a notice of appeal and was granted a certificate of probable cause; his appellate counsel subsequently filed a brief under People v. Wende, 25 Cal. 3d 436 (1979), raising no issues and asking the appellate court to conduct an independent review of the record. (FAP at 2; see also Lodged Doc. 2 at 4.) On December 4, 2014, Petitioner apparently filed a lengthy supplemental brief pro se. (See Lodged Doc. 2 at 4.) On December 17, 18, and 26, 2014, he filed "additional handwritten briefs or letters," which the appeals court accepted "despite their untimeliness." (Id.) Petitioner's pro se filings apparently raised grounds similar to those in the FAP, including ineffective assistance of counsel, challenges to the length of his sentence, and contentions that the trial court improperly denied his various motions at the July 1, 2014 hearing.[5] (Id. at 4-7.) The court of appeal rejected Petitioner's claims on March 12, 2015, in a reasoned decision. (See generally id.)

On May 11, 2015, Petitioner filed an application for relief from default and an untimely petition for review with the California Supreme Court. (See Lodged Doc. 5); see also Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ search.cfm?dist=0 (search for trial-court case number PA077147) (last visited May 2, 2018). The 2015 petition consisted of a blank table of contents and a blank document template signed by Petitioner. (See Lodged Docs. 3, 7.) It apparently attached as an "appendix" a copy of the court of appeal's decision with

---

Lodged Doc. 14 at 5; Pet'r's Lodged Doc. at 6).

[5] The Court does not have copies of these filings.

Petitioner's handwritten annotations and commentary in the margins. (See Lodged Doc. 7 at 12-19.) Although only partially legible, Petitioner's marginalia seem to have contended that the court of appeal's decision was "incorrect & wrong" (see id. at 19) because, among other things, "prosecutorial & judicial misconduct forcing [d]efense attorney to act incompetently" and "[d]efense counsel misconduct — swaying the court to convict him, Mr. Katz — must not be added [sic] [and] not allowed to practice law anywhere period" (id. at 18). Petitioner provided no factual support and cited no legal authority for those contentions. The state supreme court apparently allowed the untimely May 11 filing and issued a summary denial on June 17, 2015. (See Lodged Doc. 4.) There is no record of Petitioner's having sought a writ of certiorari from the U.S. Supreme Court. See U.S., https://www.supremecourt.gov/ (search for "Lesopravsky" yielding no results) (last visited May 2, 2018).

**PETITIONER'S CLAIMS**

I.  Petitioner's trial and appellate counsel provided ineffective assistance by failing to challenge the search and seizure that led to Petitioner's arrest. (FAP at 5.)

II.  The prosecution committed misconduct and abused its discretion when it pursued charges against Petitioner under California Health and Safety Code section 11360, which is "constitutionally void." (Id. at 5-6.)

III. The trial court failed to comply with an Arbuckle[6]

---

[6]  Under People v. Arbuckle, 22 Cal. 3d 749, 756-57 (1978), a criminal defendant generally has the right to be sentenced by the judge who accepted his plea bargain.

7

waiver and "guidelines in taking multiple plea-deal[s]" when it sentenced Petitioner.  (<u>Id.</u> at 6.)

    IV.  Petitioner was deprived of his rights under <u>People v. Marsden</u>, 2 Cal. 3d 118 (1970) (providing for substitution of appointed counsel on showing of ineffective assistance or irreconcilable conflict), and <u>Faretta v. California</u>, 422 U.S. 806 (1975) (defendants may knowingly, intelligently, and voluntarily waive right to counsel), when it denied his motions to substitute counsel or represent himself and did not hold a competency hearing.  (FAP at 6.)

    V.  Petitioner's trial counsel gave ineffective assistance by "misadvising" him to reject a plea deal involving 16 months' incarceration.  (<u>Id.</u> at 6-7)

<b>DISCUSSION</b>

**I.  <u>Younger</u> Abstention**

    A.  <u>Applicable Law</u>

    As a general proposition, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances involving great and immediate danger of irreparable harm.  <u>See</u> <u>Younger</u>, 401 U.S. at 45-46.  <u>Younger</u> abstention is appropriate if four criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to litigate the federal constitutional claims; and (4) the federal relief requested seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.  <u>See</u> <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 765 (9th Cir. 2018) (citation omitted).  But federal courts do not invoke

8

<u>Younger</u> abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." <u>See</u> <u>id.</u> at 765-66 (citing <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982)). When <u>Younger</u> abstention is appropriate, the court must dismiss the action without prejudice. <u>Beltran v. California</u>, 871 F.2d 777, 782 (9th Cir. 1988) (as amended Mar. 30, 1989).

B. <u>Analysis</u>

States have an important interest in enforcing their own criminal laws. <u>See</u> <u>Doran v. Salem Inn</u>, 422 U.S. 922, 931 (1975). The proceedings against Petitioner are criminal in nature.

"The critical date for purposes of deciding" whether a state proceeding is "ongoing" is "the date the federal action is filed." <u>Gilbertson v. Albright</u>, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc) (citation omitted). But state proceedings are "ongoing" if they are initiated "before any proceedings of substance on the merits have taken place in the federal court." <u>Nationwide Biweekly Admin., Inc. v. Owen</u>, 873 F.3d 716, 728 (9th Cir. 2017) (citing <u>Hicks v. Miranda</u>, 422 U.S. 332, 349 (1975)), <u>cert. denied</u>, __ S. Ct. __, 2018 WL 1023027 (U.S. Apr. 30, 2018). Petitioner constructively filed this action on September 13, 2016. (<u>See</u> Pet. at 8.) The Court dismissed the Petition with leave to amend on September 28, 2016, and granted Petitioner an extension of time to file an amended petition on November 2, 2016. Petitioner moved for resentencing in state court on November 30, 2016, before filing the FAP and before Respondent had been served or appeared. <u>See</u> Criminal Case Summary, Super.

9

Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/
criminalcasesummary/ui (search for "PA077147") (last visited May
2, 2018); (see also Lodged Doc. 13 at 10-11). Thus, no
proceedings of substance on the merits had taken place in federal
court when the state action was initiated. See Nichols v. Brown,
945 F. Supp. 2d 1079, 1095 (C.D. Cal. 2013) (state proceedings
initiated after federal filing were "ongoing" when federal case
had "not progressed beyond the pleading stage" and defendants had
not filed answer); cf. Nationwide Biweekly Admin., 873 F.3d at
729 (Younger abstention inappropriate when district court had
issued ruling on motion for preliminary injunction, addressing
likelihood of success on merits, before state proceedings had
begun).

At his resentencing, Petitioner's sentence was modified in
part as a result of reclassification of one of the convictions he
challenges in this action. (See Notice at 4-9, Oct. 6, 2017;
Lodged Doc. 13 at 10-11; Lodged Doc. 14 at 5-6.) His appeal from
that resentencing is pending before the court of appeal.

In Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), upon
which Petitioner relies (see, e.g., Resp. at 4, 12), the Ninth
Circuit considered whether Younger abstention was warranted when
the petitioner's capital conviction was final but his sentence
was still on appeal 15 years later. The Ninth Circuit held that
given "the extraordinary delay," the petitioner could "bring his
habeas petition regarding the constitutionality of his conviction
despite the fact that the state ha[d] not yet made a final ruling
on his sentence." Id. at 1033. Confronted with similar facts in
a case in which no unusual circumstances existed, the Ninth

10

Circuit characterized <u>Phillips</u>'s holding as narrow and turning on the "unreasonably long delay" in the appeals process; it "decline[d] to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 582-83, 585-86 (9th Cir. 1998). Since <u>Edelbacher</u>, district courts have generally abstained under <u>Younger</u> when a habeas petitioner was still challenging his sentence in state court. <u>See, e.g.</u>, <u>McCaw v. People</u>, No. CV 16-05527 PSG (RAO), 2016 WL 4487824, at *1-2 (C.D. Cal. Aug. 25, 2016) (applying <u>Younger</u> abstention when sentencing proceedings on remand were pending); <u>McCoy v. Beard</u>, No. 2:14-cv-1999 JAM CKD P, 2014 WL 7071222, at *1-2 (E.D. Cal. Dec. 12, 2014) (applying <u>Younger</u> abstention when appeal of resentencing was pending); <u>Dean v. Sandor</u>, No. CV 10-09649 CAS (SS), 2011 WL 3652383, at *2-4 (C.D. Cal. July 12, 2011) (same), <u>accepted by</u> 2011 WL 3652516 (C.D. Cal. Aug. 18, 2011). Petitioner's case is noncapital and he has not demonstrated any extraordinary delay.

As best as can be deciphered, Petitioner contends that the resentencing proceedings do not provide an adequate opportunity for him to litigate his federal constitutional claims because they amount to "double jeopardy," "depriv[e] [him] of his constitutional right to a speedy trial," involve an "unconstitutional" "state penal statute under which [he] is about to be prosecuted," and allow for him to be "abused by law

11

enforcement authorities who have him in custody."[7] (See, e.g.,
Resp. at 5.) But he has not alleged any facts, much less adduced
any evidence, to support those claims. "A defendant has no
legitimate expectation of finality" for double-jeopardy purposes
in a sentence that he "places in issue by direct appeal" as long
as he has not completed serving the valid portion of the
sentence. United States v. Moreno-Hernandez, 48 F.3d 1112, 1116
(9th Cir. 1995) (citation omitted). Nothing suggests that
Petitioner is currently facing prosecution at all under any
statute — constitutional or otherwise — much less one that would
subject him to double jeopardy. See Huffman v. Pursue, Ltd., 420
U.S. 592, 611 (1975) (federal courts may intervene when
challenged state statute "is flagrantly and patently violative of
express constitutional provisions in every clause, sentence and
paragraph" and in every application (citation omitted)); see also
Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992)
("federal courts will entertain pretrial habeas petitions that
raise a colorable claim of double jeopardy" (emphasis added)).
He has made no showing of bad faith or harassment on the part of
the prosecution, see Middlesex Cnty. Ethics Comm., 457 U.S. at
435, or that abstention would otherwise result in irreparable
harm, cf. Arevalo, 882 F.3d at 766 (irreparable-harm exception

---

[7] The "abuse" appears to consist of insufficient time in
the law library and a full-time job in the prison kitchen. (See
Resp. at 1, 3.) Claims arising from Petitioner's conditions of
confinement may be brought, if at all, in a civil-rights action.
See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en
banc). The FAP is not amenable to conversion to a civil-rights
action on its face and the Court declines to so recharacterize
it. See id. at 936.

applied to pretrial detainee's emergency bail petition when issues raised were distinct from and would not interfere with underlying criminal prosecution).

To the extent Petitioner contends that he cannot adequately litigate his federal claims in the ongoing state proceedings because those appeals concern his sentence, not his underlying conviction (see, e.g., Resp. at 12-14; see also generally Lodged Docs. 13 & 14 (parties' briefs in case number B281733 addressing sentencing factors)), claims III and V of the FAP expressly challenge his sentence. Claims II and IV also appear to arise from his allegedly excessive sentence. Moreover, as Petitioner has already served several years in prison, it appears possible that success on his pending appeals could result in his release and render the FAP moot. (See, e.g., Pet'r's Lodged Doc. at 14-15; id. pt. 2 (Dkt. No. 44-1), at 11-12 (arguing that he should have been resentenced to time served at Feb. 28, 2017 state hearing).)

Thus, based on the information currently before the Court, all four criteria for Younger abstention are satisfied. Even to the extent they are not, however, for the reasons discussed below Petitioner's claims are unexhausted and he is not entitled to a Rhines stay.

## II. Exhaustion

### A. Applicable Law

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel,

656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground present in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982).

A state-supreme-court denial with a citation to Swain, 34 Cal. 2d at 304, "constitutes dismissal without prejudice, with leave to amend to plead required facts with particularity." Seeboth v. Allenby, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015) (citation omitted); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam), abrogation on other grounds recognized by Waldrip v. Hall, 548 F.3d 729 (9th Cir. 2008); Kim v. Villalobos, 799 F.2d 1317, 1318-19 (9th Cir. 1986). Because a failure to allege claims with sufficient particularity "can be cured in a renewed petition," the state court's denial of a habeas petition on that ground suggests that a petitioner's claims have not been exhausted. See Kim, 799 F.2d at 1319; see also King, 340 F.3d at 823 (noting that Swain and similar case "allow amendment to comply"). In such cases, a federal habeas court must independently examine a petitioner's state petition and determine whether he met the federal exhaustion standard of "fair presentation" to the state's highest court. See Kim, 799 F.2d at 1319-20 (state summary denial based on Swain requires federal court to independently examine whether state petition fairly presented claim). "[F]air presentation" requires that the claims be pleaded with "as much particularity as is practicable." Id.

14

at 1320.

Under <u>Rhines</u>, a court may stay a "mixed" federal petition —
one that includes both exhausted and unexhausted claims — while
the petitioner returns to state court to exhaust his unexhausted
claims; all claims remain pending in federal court and are
protected from any statute-of-limitations issues. <u>Rhines</u>, 544
U.S. at 277-78. A court may also grant a <u>Rhines</u> stay when a
petition contains solely unexhausted claims. <u>See</u> <u>Mena v. Long</u>,
813 F.3d 907, 912 (9th Cir. 2016).

<u>Rhines</u> applies in "limited circumstances." <u>See</u> 544 U.S. at
277. For a <u>Rhines</u> stay, the petitioner must show that (1) good
cause exists for his failure to earlier exhaust the claims in
state court, (2) the unexhausted claims are not "plainly
meritless," and (3) he has not engaged in "abusive litigation
tactics or intentional delay." <u>Id.</u> at 277-78. Although the
Supreme Court has not precisely defined what constitutes "good
cause" for a <u>Rhines</u> stay, <u>see</u> <u>Blake v. Baker</u>, 745 F.3d 977,
980-81 (9th Cir. 2014), the Ninth Circuit has held that a
petitioner's being without counsel in state postconviction
proceedings constitutes good cause for failure to exhaust, <u>see</u>
<u>Dixon v. Baker</u>, 847 F.3d 714, 721 (9th Cir. 2017) (granting
<u>Rhines</u> stay on ineffective-assistance-of-counsel claim). The
Court assumes without deciding that <u>Dixon</u> applies here and
Petitioner can show good cause. <u>But see</u> <u>Torres v. McDowell</u>, __
F. Supp. 3d __, 2017 WL 5495511, at *1 (C.D. Cal. Nov. 13, 2017)
(distinguishing <u>Dixon</u> when petitioner knew of need to exhaust
claims at time he filed state petition).

B.  Analysis

    1.  Petitioner's claims are unexhausted

Petitioner asserts that he was "very particular" in drafting his state habeas petition. (See Resp. at 3.)  His lodged state petition is hundreds of pages long and appears to challenge convictions or sentences in at least three different criminal cases over a period of several years. (See Pet'r's Lodged Doc. at 2.)  It attaches court documents, transcripts, and attorney correspondence purportedly related to some or all of his claims in ways that are neither clearly articulated nor readily apparent. (See id. at 59-72 (14-page "cover letter" to state supreme court referencing claims and attachments, alleging that unspecified portions of their contents are "slanderous," and discussing, among other things, Petitioner's present conditions of confinement, his immigration from Soviet Union as child, his status as disabled person with prescription for medical marijuana, and his apparent desire to obtain firearm or attend law school); see also generally id. pts. 2-7.)

The state petition contains vague and nonspecific allegations of malicious prosecution, police misconduct, ineffective assistance of counsel, "double jeop[ardy]," "enslave[ment]," and "miscarriage of justice" in some or all of the underlying trials, convictions, and previous sentencing hearings. (See generally Pet'r's Lodged Doc. at 1-9.)  Its attachments do not contain factual support for any claim that Petitioner's plea in case number PA077147 was not knowing, intelligent, and voluntary; that his Arbuckle waiver was invalid; that his trial or appellate counsel was ineffective; or that the

16

prosecutor committed misconduct. Some of the attached documents have no obvious relevance to those claims and others seem to undermine them. (*See, e.g.*, Pet'r's Lodged Doc., pt. 5 (Dkt. No. 44-4) at 57 (letter from California Innocence Project acknowledging it had scanned unspecified documents); *id.*, pt. 6 (Dkt. No. 44-5) at 1-2 (Nov. 25, 2014 minute order in case no. LA074488 noting pending appeal); *id.*, pt. 5 at 36-38 (minutes of plea hearing finding plea made "knowingly, understandingly, and explicitly"); *id.* at 66-67, 69-71 & *id.* pt. 6 at 3-4 (correspondence from appellate counsel providing reasoned explanation for finding no arguable issues in record and opining that Petitioner "do[es]n't understand the limitations of an appeal").)

Accordingly, the claims of the FAP were not alleged to the state supreme court with sufficient particularity to meet the federal "fair presentation" requirement. *See* <u>Robins v. State of California</u>, No. CV 14-9837-MMM (MRW), 2015 WL 9694797, at *3 (C.D. Cal. Nov. 13, 2015) (sentencing challenge "buried in the middle" of state petition's "somewhat rambling claim of ineffective assistance of counsel" did not fairly present claim), <u>accepted by</u> 2016 WL 146393 (C.D. Cal. Jan. 11, 2016); <u>Hester v. Dep't of Corr.</u>, No. CV 12-5826-JVS(E), 2013 WL 394891, at *2-3 (C.D. Cal. Jan. 28, 2013) (partially illegible state petition composed of "conclusory, rambling[,] and confused allegations" did not exhaust claims), <u>accepted by</u> 2013 WL 394888 (C.D. Cal. Jan. 28, 2013). As Petitioner has apparently made no attempt to plead them with more particularity to the supreme court (or, for that matter, any other state court), they are unexhausted. *See,*

17

e.g., _Nolden v. Tampkins_, No. CV 16-01047-AB (KES), 2017 WL 1105645, at *3 (C.D. Cal. Jan. 17, 2017) (finding federal petition unexhausted because "state habeas petition was denied with a citation to _Swain_" and similar case and petitioner "did not re-file his petition to the California Supreme Court alleging the facts of his claims with more particularity"), accepted by 2017 WL 1097170 (C.D. Cal. Mar. 22, 2017).

2. Petitioner is not entitled to a _Rhines_ stay

Petitioner is not entitled to a Rhines stay because he has engaged in dilatory litigation tactics and his claims are plainly meritless. See Rhines, 544 U.S. at 277-78.

On June 5, 2017, the Court conditionally dismissed the FAP unless Petitioner moved for a stay within 21 days, and in so doing advised him that "nothing of which the Court is aware prevents him from immediately raising his claims in state court, stay or no stay." He did not timely move for a stay, claiming in an extension request that his "writing" hand was broken (see Req. App't Counsel at 1-2, June 29, 2017), and did not file his state-supreme-court habeas petition until September 29, 2017. (See Pet'r's Lodged Doc. at 1.) In the interim, he was able to make several multipage filings in this case. He likewise responded to the October 24, 2017 order to show cause only after the Court had granted him two extensions of time and warned him that he would not be given another "based solely on the continuing adjudication of his appeal in state court." (See Dec. 15, 2017 order at 2.) As noted above, in the more than three months since the state supreme court denied his habeas petition, he has evidently made no attempt to reallege his claims with further particularity in

18

any state court.  The unexplained delays suggest that Petitioner
has not been expeditious in pursuing his claims to relief.  See
Hernandez v. Allison, No. 1:10-CV-01026-AWI-JLT HC, 2011 WL
1988516, at *3 (E.D. Cal. May 20, 2011) (unexplained delays of
several months to two years raised "strong . . . inference" of
lack of diligence warranting denial of stay even absent intention
to harass or delay proceedings).

    Moreover, the Petition's claims are plainly meritless.  A
claim is "plainly meritless" when "it is perfectly clear that the
petitioner has no hope of prevailing."  Dixon, 847 F.3d at 722
(citing Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)
(state courts must be given opportunity to address "colorable
federal claim[s]")).  Claims composed of vague and conclusory
allegations unsupported by specific facts or evidence are not
potentially meritorious within the meaning of Rhines.  See Taylor
v. Paramo, No. EDCV 15-1496-JFW (KS), 2016 WL 3922055, at *7
(C.D. Cal. June 3, 2016) (petitioner's vague assertion of
ineffective assistance of counsel plainly meritless), accepted by
2016 WL 3922047 (C.D. Cal. July 20, 2016).

    Petitioner's hundreds of pages of filings provide no
discernible support for any claim that his plea was not knowing,
intelligent, and voluntary; that any of his attorneys at any
stage were ineffective; or that the trial judge failed to follow
then-applicable law in calculating his sentence.  Indeed, some of
the documents lodged by the parties contradict those claims.
(See Lodged Doc. 1 at 4-6 (minutes of plea hearing showing that
Petitioner was advised of consequences of plea, including maximum
penalty, and "knowingly, understandingly, and explicitly" waived

19

his rights); Pet'r's Lodged Doc., pt. 5 at 36-38 (same); id. at 66-67, 69-71 & id. pt. 6 at 3-4 (correspondence from appellate counsel stating that record does not support Petitioner's contentions concerning his plea).)  He has not identified what conduct by the prosecution at what stage of the proceedings he contends was improper, and no misconduct is evident from the record.  Petitioner has cited no authority for the proposition that Health & Safety Code section 11360(a) is unconstitutional in any way,[8] and none is apparent to the Court.  Cf. United States v. Miroyan, 577 F.2d 489, 495 (9th Cir. 1978) (constitutionality of federal statute criminalizing marijuana well settled), overruling in part on other grounds recognized by United States v. Pineda-Moreno, 688 F.3d 1087, 1090-91 (9th Cir. 2012); see also Nat'l Org. for Reform of Marijuana Laws v. Gain, 100 Cal. App. 3d 586, 591-98 (Ct. App. 1979) (state statutes criminalizing use and possession of marijuana do not violate state or federal constitution).  Petitioner has therefore failed to raise any colorable federal claim.

Accordingly, a stay is not warranted.  Rhines, 544 U.S. at

---

[8]  In November 2016, section 11360 was amended by ballot initiative to allow adults to legally possess up to 28.5 grams of marijuana.  See Cal. Health & Safety Code § 11360.  Petitioner alleges that section 11360 is "constitutionally void" under "all . . . marijuana laws State & Federal" (see FAP at 5) and elsewhere references Proposition 64, the 2016 legalization measure (see id. at 2).  To the extent he seeks relief based on Proposition 64, attachments to the FAP show that arresting officers confiscated a plastic bag from Petitioner that contained 390.40 grams of marijuana, more than 13 times the new limit. (See FAP, pt. 2, at 15.)  To the extent he seeks relief on a medical-necessity theory (see FAP at 5), "medical necessity is not a defense" to "distributing marijuana."  Cf. United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 494 (2001).

277-78; <u>Taylor</u>, 2016 WL 3922055, at *7; <u>Hernandez</u>, 2011 WL 1988516, at *3.

**III. Requests for Counsel and Enlargement of Time**

Petitioner seeks appointment of counsel because he is indigent and has difficulty finding enough time to conduct legal research at his current prison. (<u>See</u> Resp. at 15.) As the Court previously explained to Petitioner, there is no general right to counsel in federal habeas proceedings. <u>See</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today." (citation omitted)). Appointment of counsel is required only when "necessary for the effective utilization of discovery procedures" and when "an evidentiary hearing is required." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam); R. 8(c), Rs. Governing § 2254 Cases in U.S. Dist. Cts. Because the Court is dismissing the FAP without prejudice without an evidentiary hearing and before opening discovery, Petitioner's request for appointment of counsel is denied as moot.

Petitioner seeks an extension of time because the law library at his new prison is allegedly inadequate and because his full-time kitchen job leaves him with insufficient time to conduct legal research. (<u>See</u> Resp. at 16.) The Court already granted Petitioner two enlargements of time, the most recent of which was based in part on his transfer in early 2018. (<u>See</u> Dec. 15, 2017 order at 1.) Petitioner was warned that the Court would not grant another extension unless he could articulate new

21

grounds for one.  (See id. at 2.)  Petitioner was able to timely

file his extensive Response, citing relevant authority, from his

new facility.  The Response contains nothing suggesting that

further briefing from Petitioner would illuminate any of the

issues under consideration here.  His request for an extension of

time is therefore also denied as moot.

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered dismissing

the Petition without prejudice.


DATED: May 3, 2018

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE